IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALICIA RODRIGUEZ, JOSE RODRIGUEZ, MARTIN DE LA ROSA, SYLVIA DE LA ROSA, on Behalf of Themselves and All Others Similarly Situated, <br>     Plaintiffs <br><br> v. <br><br> GOLD & SILVER BUYERS, INC, BRIAN CULWELL, GOLD & SILVER SELLERS, INC., and GRAYMEIREN HOLDINGS, LLC d/b/a GOLD & SILVER BUYERS. <br>     Defendants. | CIVIL ACTION NO. 4:12-CV-1831 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**& JURY DEMAND**

Plaintiffs, Alicia Rodriguez, Francisco Garza, Martin De La Rosa and Sylvia De La Rosa, on Behalf of Themselves and All Others Similarly Situated, file this Original Complaint against Defendant, Gold & Silver Buyers, Inc. Brian Culwell, Gold & Silver Sellers Inc., and Graymeiren Holdings, LLC d/b/a Gold & Silver Buyers, and would respectfully show as follows:

**SUMMARY**

1.     The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. 206(a) & 207(a).

2.     Plaintiffs, Alicia Rodriguez, Francisco Garza, Martin De La Rosa and Sylvia De La Rosa, are non-exempt employees who worked more than forty (40) hours in a workweek cleaning and maintaining their assigned stores, entering and balancing transactions, and answering phone calls for

Gold & Silver Buyers, Inc., Brian Culwell, Gold & Silver Sellers, Inc. and Graymeiren Holdings, LLC d/b/a Gold & Silver Buyers (collectively referred to as "Defendants").

3. Gold & Silver Buyers, Inc., Brian Culwell, Gold & Silver Sellers, Inc. and Graymeiren Holdings, LLC d/b/a Gold & Silver Buyers (collectively, "Defendants") violate the FLSA by failing to pay its regional gold buyers, including Plaintiffs, time and one-half for each hour worked in excess of forty (40) per work week. The FLSA requires these non-exempt employees were required employees to be compensated for overtime work at the mandated overtime wage rate. Defendants further failed to compensate Plaintiffs at the federally mandated minimum wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 206 and §216(b)

4. Defendants, likewise, do not pay proper overtime and/or minimum wage to other similarly situated workers throughout the United States. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "Class Members."

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Alicia Rodriguez ("Alicia") is an individual residing in Harris County, Texas. Alicia was an employee employed by Defendants within the meaning of the FLSA. Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

6. Plaintiff Jose Rodriguez ("Joey") is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "B." Joey was an employee employed by Defendants within the meaning of the FLSA

7. Plaintiff Martin De La Rosa ("Martin") is an individual residing in Harris County, Texas.

Martin was an employee employed by Defendants within the meaning of the FLSA. Plaintiff's written consent form to this action is attached hereto as Exhibit "C."

8.      Plaintiff Sylvia De La Rosa ("Sylvia") is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "D." Sylvia was an employee employed by Defendants within the meaning of the FLSA

9.      The Class Members are all of Defendants' current and former employees who were compensated on a fluctuating workweek basis throughout the United States during the three-year period prior to the filing of this Complaint up to the present. The Class Members are similarly situated employees who are/were not paid time and one-half for each hour worked in excess of forty (40) per work week.

10.     Defendant Gold & Silver Buyers, Inc. ("GSB") is a domestic, for-profit, corporation doing business in the state of Texas.  GSB is an employer under the FLSA and acted as such in relation to Plaintiffs and Class Members. GSB may be served with process by serving its registered agent as follows: Graymeiren Holdings, LLC, 1122 Spring Cypress, Spring, Texas 77373.

11.     Defendant Gold & Silver Sellers, Inc. ("GSS") is a domestic, for-profit, corporation doing business in the state of Texas.  GSS is an employer under the FLSA and acted as such in relation to Plaintiffs and Class Members. GSS may be served with process by serving its registered agent as follows: Graymeiren Holdings, LLC, 1122 Spring Cypress, Spring, Texas 77373.

12.     Graymeiren Holdings, LLC ("Graymeiren") conducts business as Gold & Silver Buyers in Texas. Graymeiren is an employer under the FLSA and acted as such in relation to Plaintiffs and Class Members. Graymeiren may be served with process by serving its registered agent as follows: Amelia Culwell, 1122 Spring Cypress, Spring, Texas 77373.

13.     Brian Culwell ("Culwell") is the founder the Defendant companies. Culwell is a director and

officer of GSB and GSS, and a member and officer of Graymeiren. Culwell is an employer under the FLSA and acted as such in relation to Plaintiffs and Class Members. Culwell may be served with process at 9811 Stonebridge Lake Drive, Tomball TX 77375.

14.     This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.     Defendants had and continue to have continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over them. Specifically, Defendants conducts and/or conducted business in Texas by buying and selling gold and silver throughout Texas and employ workers and contract with residents and businesses in Texas.

16.     This cause of action arose from or relates to the contacts of Defendants with Texas residents, thereby conferring specific jurisdiction over defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

18.     Venue is proper in the Southern District of Texas because a substantial portion of the acts, conducts, and events forming the basis of this suit occurred in the Southern District.

## COVERAGE

19.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203 (d).

20. At all material times, Defendants have been an enterprise, operating under a common business purposes, within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

21. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC§ 206-207.

23. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

24. Defendants represent themselves to the general public as one company, Gold & Silver Buyers, Inc., operating at multiple locations. They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model. Defendants provide the same service product to its customers by using a set formula when conducting its business. Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

25. Thus, the Defendants formed a "single enterprise" and are each liable for the violations of the other.

26. Since their inception, Defendants formed a joint employment relationship with respect to the Plaintiffs and Class Members.

27. Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose.

28. Defendants had a common business purpose to buy and sell precious metals to its customers.

29. Defendants provided training to Plaintiffs and Class Members, controlled the hours to be worked by Plaintiffs and Class Members, and directed the work of Plaintiffs and Class Members. Defendants maintained communication with Plaintiffs and Class Members and received updates as to the status of their work and provided guidance on how each assigned task was to be performed by Plaintiffs and Class Members.

30. Thus, as Defendants' operations were unified and Defendants' shared control over the work of the Plaintiffs and Class Members, Defendants are each directly liable for the violations in this case.

## FACTS

31. Defendants buy and sell precious metals to its customers throughout the United States and Texas and employ regional gold buyers and marketers to perform these services.

32. Plaintiffs and Class Members are and/or were employed as regional gold buyers and marketers.

33. As regional gold buyers, Plaintiffs and Class Members' primary duties include, but are not limited to, answering phones, opening and closing their assigned locations, cleaning stores, cash drops, working the registers, customer service, promoting business, maintenance of the facilities of their assigned store, and weighing and buying precious metals from customers as they came in.

34. As marketers, Plaintiffs and Class Members perform the duty of handing out fliers to potential customers.

35. During the relevant time period, Defendants compensated Plaintiffs and Class Members a base pay of $50 (fifty) a day plus commissions. Defendants, however, improperly implemented the commission method of pay.

36. The commission pay method, when properly implemented, allows an employer to pay its non-exempt employees a percentage of their sales if more than half of their job is directly related to promoting sales and new business as opposed to paying the employees one and a half (1½) of full times their regular rates of pay. However, as regional gold buyers, Plaintiffs and Class Members spent only a small percentage of their time to promoting the business and/or looking for new business. Further, Plaintiffs and Class Members rarely exercised discretionary powers and were not free from supervision concerning matters of significance, such as scheduling employees or making decisions with respect to human resources issues.

37. Accordingly, Plaintiffs and Class Members primary job duties at all times were those of a non-exempt employee.

38. As regional gold buyers and marketers, Plaintiffs and Class Members regularly worked more than forty (40) hours per work week, but during the relevant period, Defendants paid Plaintiffs and Class Members a base pay of $50.00 in addition to commissions. This amount of commissions varied from week to week, and consequently, the gross amounts that the Plaintiffs and Class Members received each week were not fixed, as the law requires.

39. Moreover, Defendants violated the law because there was no clear and mutual understanding between the parties that a fixed salary would compensate them for all hours worked each week whatever the number may be. There were many weeks when Plaintiffs and Class Members' pay fell below that applicable minimum wage rate *and* the compensation provided to the Plaintiffs and Class Members was at a rate less than the applicable overtime rate for every hour worked over forty (40) in a work week.

40. Given that Defendants improperly implemented the fluctuating workweek method, the Plaintiffs and Class Members were denied overtime at the rates mandated under the FLSA.

41. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiffs worked with other employees of Defendants who were paid pursuant to the method that fails to comply with the law.

43. Other employees similarly situated to Plaintiffs work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

44. Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

45. The Class Members perform or have performed the same or similar work as the Plaintiffs and regularly work or have worked in excess of forty (40) hours during a workweek. Similar to Plaintiffs, Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wage.

46. Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiffs, with respect to their pay, are

typical of the experiences of the Class Members.

47. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

48. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

49. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

50. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> *The Class Members are all of Defendants' current and former regional gold buyer employees who were paid pursuant to the pay method during the three-year period before the filing of this Complaint up to the present.*

## VIOLATION OF 29 U.S.C. § 207

51. Plaintiffs and Class Members incorporate all allegations contained in the foregoing paragraphs.

52. Defendants' practice of failing to pay Plaintiffs and Class Members the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

53. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs and Class Members.

## VIOLATION OF 29 U.S.C. § 206

54. Plaintiffs and Class Members incorporate all allegations contained in the foregoing

paragraphs.

55. Defendants' practice of failing to pay Plaintiffs and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

56. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs and Class Members.

## WAGE DAMAGES SOUGHT

57. Plaintiffs and Class Members are entitled to recover their unpaid minimum wage and overtime compensation.

58. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 USC § 216(b).

59. Plaintiffs and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## JURY DEMAND

60. Plaintiffs and Class Members hereby demand trial by jury on all issues.

## PRAYER

61. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Unpaid minimum wages for all hours worked in a workweek;

   b. Unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

   c. An equal amount of unpaid wages as liquidated damages as required under the FLSA;

d.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

e.  An order requiring Defendants to correct their pay practices going forward; and

f.  Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/ Charles M. R. Vethan
Charles M.R. Vethan
State Bar No. 00791852
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

ATTORNEY IN CHARGE FOR
PLAINTIFFS & CLASS MEMBERS