UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICIA RODRIGUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-1831 |
| | § | |
| GOLD & SILVER BUYERS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court are three motions: (i) the Motion to Dismiss for Failure to State a Claim (Doc. 20), filed by Defendants; (ii) the Motion for Conditional Certification (Doc. 29), filed by Plaintiffs; and (iii) the Motion for Equitable Tolling (Doc. 32), also filed by Plaintiffs.[1] Upon review and consideration of these documents and the relevant legal authority, and for the reasons stated below, the Court concludes that (i) the motion to dismiss for failure to state a claim should be denied; (ii) the motion for conditional certification should be granted in part; and (iii) the motion for equitable tolling should be denied.


I.      **Background**

On June 19, 2012, Plaintiffs Alicia Rodriguez, Jose Rodriguez, Martin De La Rosa, and Sylvia De La Rosa (collectively "Plaintiffs") filed this suit on behalf of themselves and those similarly situated against Defendants Gold & Silver Buyers, Inc. ("GSB"), Brian Culwell

---

[1] Responsive pleadings include the following:

- Plaintiffs' Response to Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 22)
- Defendants' Reply in Support of their Motion to Dismiss for Failure to State a Claim (Doc. 24)
- Defendants' Response in Opposition to Plaintiffs' Motion for Conditional Certification (Doc. 31)
- Defendants' Response in Opposition to Plaintiffs' Motion for Equitable Tolling (Doc. 33)

("Culwell"), Gold & Silver Sellers, Inc. ("GSS"), and Graymeiren Holdings, LLC ("Graymeiren") (collectively "Defendants")  for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.  Plaintiffs allege that they and the other putative class members were employed by Defendants as "regional gold buyers" in over one-hundred store locations throughout the United States.  Pl.'s Original Compl., Doc. 1 ¶¶ 4, 32; Doc. 29 ¶ 8. According to Plaintiffs, at the time of their employment, they performed the duties of nonexempt employees[2] and regularly worked in excess of forty hours per week.  Doc. 1 ¶¶ 2, 38.  Plaintiffs allege that Defendants compensate gold buyers pursuant to a companywide commission pay method, whereby they receive a base pay of $50 per day plus commissions, if any.  Doc. 1 ¶ 35; Doc. 29 ¶¶ 6-7.  According to Plaintiffs, because the commissions vary from week to week and at times drop below the FLSA minimum wage and overtime requirements, Defendants willfully violated the FLSA by implementing this payment scheme for nonexempt employees.  Doc. 1 ¶¶ 3, 35; Doc. 29 ¶ 7.  Defendants counter that its gold buyers are exempt, commission-based salespeople "whose pay over a representative period of time exceeded 150% of the required minimum wage."  Doc. 31 at 13.  On November 13, 2012, Defendants filed a motion to dismiss for failure to state a claim.  On January 29, 2013, Plaintiffs filed a motion for conditional certification, followed by a motion for equitable tolling of the statute of limitations on March 28, 2013.  All three motions are ripe for adjudication.

## II.     Defendants' Motion to Dismiss for Failure to State a Claim

In their Rule 12(b)(6) motion to dismiss, Defendants argue that Plaintiffs have not

---

[2] According to the Complaint, Plaintiffs primary duties included cleaning and maintaining their assigned stores, entering and balancing transactions, and answering phone calls for Defendants.  Doc. 1 ¶¶ 2, 33.  Their duties which could result in commissions, such as promoting the business and looking for new business, comprised only a small portion of their duties.  Doc. 1 ¶ 36.

pleaded sufficient facts to state a claim under the FLSA.  Doc. 20.  They contend that Plaintiffs have failed to provide specific facts illustrating that (1) Defendants are employers under the FLSA or that Defendants form a "single enterprise" such that they should be held jointly liable; (2) Defendants failed to pay Plaintiffs minimum wage or overtime; and (3) other employees are similarly situated and are also entitled to relief.  Doc. 20 at 4-11.  Plaintiffs responded to Defendants' motion to dismiss (Doc. 22) and asked the Court to take judicial notice of the pending state court case between the parties wherein Defendant GSB filed suit against Plaintiffs seeking enforcement of noncompete covenants contained in employment agreements between the parties.[3]  Original Pet. ¶¶ 31-47, Doc. 22-1.

### A.    Legal Standard

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  In determining plausibility, courts should first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory.  *Id.* at 662.  Second, the court must assume the truth of all factual allegations and determine whether those factual allegations allege a plausible claim.  *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere

---

[3] The state court petition provides the starting date of employment for each named Plaintiff.  Doc. 22-1 ¶¶ 19-20. Exs. A-1, A-2, A-4, and A-6 attached to the state court petition are employment agreements between each of the named Plaintiffs and "Graymerien Holdings, LLC d/b/a/ Gold & Silver Buyers."

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)).  If the facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

On a Rule 12(b)(6) review, the court may consider "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996)).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b). Taking judicial notice of public records directly relevant to the issue in dispute is proper in a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).

### B.  Discussion

An employer violates the FLSA if it fails to pay covered employees at least one and one half times their normal rate for hours worked in excess 40 hours per work week, or fails to pay covered employees a minimum wage of $7.25 per hour.  29 U.S.C. §§ 206-207.  In order to plead a FLSA claim for unpaid overtime or minimum wages, Plaintiffs must indicate sufficient facts to support (1) that they were nonexempt employees of Defendants; (2) that they worked in excess of forty hours per week; and (3) that they did not receive minimum wage or overtime compensation.

In addition to considering the complaint, the Court takes judicial notice of the petition in

the pending state court case between Defendants and Plaintiffs, No. 2012-13509 in the 295th District Court of Harris County, Texas, and the corporate filings of GSS with the Texas Secretary of State, and construes both in favor of the Plaintiffs.  Plaintiffs allege that they were employees of Defendant and they performed duties that would classify them as nonexempt.  Doc. 1 ¶ 2.  Plaintiffs further allege that they worked in excess of 40 hours per work week, and that Defendants' compensation scheme of $50 per day plus commissions deprived them of minimum wages and overtime.  Those are factual allegations, not mere legal conclusions.  At the pleading stage, Plaintiffs' allegations are sufficient to state a claim under the FLSA.  *See e.g., Hoffman v. Cemex*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009); *Qureshi v. Panjwani*, No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009) (finding plaintiffs' allegations that they were nonexempt, regularly worked more than forty hours per week, and were not paid time-and-a-half to be factual allegations and not legal conclusions).

Despite the fact that Plaintiffs have brought the state court petition to the Court's attention, Defendants persist in arguing that Plaintiffs have failed to assert allegations sufficient to demonstrate that they fall within the FLSA definition of "employer."  Doc. 24 at 2-5.  The Court does not agree.  The contention that a particular defendant is an employer "is the very definition of a factual allegation upon which plaintiffs are entitled to offer proof."  *Moreno v. EDCare Mgmt, Inc.*, 243 F.R.D. 258, 260 (W.D. Tex. 2007) (citing *Tobin v. Chambers Const. Co.*, 15 F.R.D. 47, 49 (D. Neb. 1952) (dismissal not justified by complaint's failure to allege each and every factual element requisite to status as an employer)).  *See also McLauglin v. Intrepid Holdings, Inc.*, No. 4:08-cv-798, 2008 WL 4692386, at * 2 (S.D. Tex. Oct. 22, 2008) (finding that it would be premature to dismiss defendants on the basis that they may not fall within the definition of "employer" under the FLSA, and that additional discovery on the issue of

defendants' relationships with one another and with plaintiffs should be conducted).  At this stage, Plaintiffs have offered sufficient facts to demonstrate that Defendants are employers under the FLSA.  Additional discovery on the existence of a "single enterprise" or "joint relationship" among Defendants should be conducted.

Defendants also contend that Plaintiffs have not alleged sufficient facts to infer violations of the FLSA's overtime and minimum wage provisions.  At this stage of the litigation, the allegations permit the Court to infer that Defendants' compensation scheme for nonexempt employees violated the FLSA.  The complaint need not be "replete with detailed factual allegations[,]" . . . as long as it puts Defendants on notice that the claim is for unpaid overtime and minimum wages under the FLSA.  *Hoffman*, 2009 WL 4825224, at *3 (citing *Acho v. Cort,* No. C09-001572009 WL 3562472, at *2, 3 (N.D. Cal. Oct. 27, 2009) ("It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records.")).  After construing both the complaint and the judicially noticed facts in favor of Plaintiffs, the Court finds that Defendants' motion to dismiss must be denied.

### III.    Plaintiffs' Motion for Conditional Certification

In their motion for conditional certification under 29 U.S.C. § 216(b), Plaintiffs request that the Court conditionally certify the following class:

> "All of Defendants' current and former employees with the title of "regional gold buyer" whose jobs were to purchase gold and other precious metals from walk-in sellers and were paid pursuant to the pay method of fifty dollars ($50.00) base pay plus bonuses, if any, during the three-year period before June 19, 2012, the date of filing of this Complaint, to the present."

Plaintiffs state that "Defendants' employment practice is widespread, throughout the state[s] of Texas, Colorado, and California," and that gold buyers in each of Defendants' over 100 stores are compensated in the same manner.  Doc. 29 ¶ 8.  In support of their motion for conditional certification, Plaintiffs submitted five affidavits from three of the four named Plaintiffs and two additional affiants employed by Defendants in Harris County, Texas.  Pl.'s Affs., Doc. 29-1 – 29-5, Ex. A-E.  Each affidavit is identical, except for a few blanks wherein the affiants have handwritten their names, dates of employment, any job duties apart from those standard duties that are listed, and the approximate number of hours worked each day and week. Each boilerplate affidavits states:

> "During my employment, I became familiar with the company's pay and scheduling practices as they apply to all gold buyers."  Doc. 29-1 – 29-5, Ex. A-E, ¶ 4.

> "Based on my experience working for Defendants, it is my firm belief that the above-described pay practices are used for all employees working as gold buyers. Such individuals may also be interested in joining a lawsuit against Defendants in order to recover unpaid wages and unpaid overtime wages."  Doc. 29-1 – 29-5, Ex. A-E, ¶ 8.

In Defendants' response, they argue that Plaintiffs' motion fails to meet even the very lenient evidentiary burden required at this stage of the litigation to show that similarly situated individuals exist.  Defendants assert that the affidavits are conclusory and unsupported.  They point out that all of the named Plaintiffs and affiants were employed in Harris County, Texas, and the California and Colorado entities, which Plaintiffs allege use the same pay practices, were not even incorporated until June and October of 2011, respectively, several months after four of the five named Plaintiffs ceased employment with Defendants.[4]  Doc. 31 at 5; Decl. of Amelia

---

The affiants' dates of employment are as follows:
- Alicia Rodriguez: Mar. 2010 – Feb. 2011 (Doc. 29-1, Ex. A ¶ 3)
- David Castellano: Feb. 2010 – Dec. 2010 (Doc. 29-2, Ex. B ¶ 3)
- Sylvia De La Rosa: Dec. 2009 – Dec. 2010 (Doc. 29-3, Ex. C ¶ 3)

Culwell, Doc. 31-1 ¶ 10.   Therefore, Defendants argue, the Plaintiffs could not possibly have personal knowledge of Defendants' pay practices outside of Harris County.   Doc. 31 at 4, 11.

### A.    Legal Standard

Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated."  29 U.S.C. 216(b).  To certify a collective action under the FLSA, two requirements must be satisfied.  "First, the named representative and the putative members of the prospective FLSA class must be similarly situated.  Second, the pending action must have a general effect."  *England v. New Century Fin. Corp.*, 370 F.Supp. 2d 504, 507 (M.D. La. 2005).   Class treatment is not appropriate where the action arises from circumstances that are "purely personal to the plaintiff, and not from any generally applicable rule or policy."  *Id.*

The Fifth Circuit has noted the two different tests that courts apply to determine if the putative class members are "similarly situated."  *Mooney v. Armaco Srvcs. Co.*, 54 F.3d at 1213–14 (5th Cir. 1995).  Like most district courts, this Court has generally adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J.1987), which consists of (i) a notice stage, followed by (ii) a decertification stage.[5]   *See Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 n.2 (5th Cir. 2008) (finding that "collective actions typically proceed in two stages").   At the notice stage of the *Lusardi* approach, the district court first makes a preliminary determination of whether potential plaintiffs are similarly situated to the named plaintiff.  *Mooney,* 54 F.3d at 1213–14.  If they are, then the court conditionally certifies the

---

- Jose Rodriguez: May 2010 – Jan. 2012 (Doc. 29-4, Ex. D ¶ 3)
- Francisco Garza: Sept. 2010 – Dec. 2010 (Doc. 29-5, Ex. E ¶ 3)

[5] A second, less common approach is the "spurious" class action procedure employed in *Shushan v. Univ. of Colo.,* 132 F.R.D. 263 (D. Colo.1990), which analyzes collective certification according to the Rule 23 class action requirements; i.e., numerosity, commonality, typicality and adequacy of representation.

action and authorizes notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery." *Id.* at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id.* At this stage, the Court makes a factual determination from discovery evidence of whether the plaintiffs are "similarly situated." *Id.* If the court determines from discovery evidence that the plaintiffs are in fact similarly situated, then the case continues as a representative action. *Id.* If the court finds that the plaintiffs are not similarly situated, then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id.* at 1213–14.

At the notice stage of the *Lusardi* analysis, plaintiffs bear the burden to establish that they are similarly situated to other employees in the proposed class. *England*, 370 F. Supp. 2d at 507. Courts determine whether the burden has been met using a "fairly lenient standard," requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney,* 54 F.3d at 1214, n.8 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)); *see also England*, 370 F. Supp. 2d at 507-08 (Plaintiffs must offer support of "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]."). A court will customarily make a decision "based only on the pleadings and any affidavits which have been submitted." *Mooney,* 54 F.3d at 1213-14. Generally, to meet this burden, a plaintiff must show "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals

want to opt in to the lawsuit[6]." *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (citing *Maynor v. Dow Chemical Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)); *Aguirre v. SBC Commc'ns, Inc.*, No. Civ.A.H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (same). "[C]ourts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified . . .; whether affidavits of potential plaintiffs were submitted . . .; and whether evidence of a widespread discriminatory plan was submitted." *England*, 370 F. Supp. 2d at 508 (quoting *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D. Tex. 1999).

### B.    Discussion

Utilizing the two-step process recognized in *Lusardi*, the Court finds that Plaintiffs have failed to present sufficient evidence that similarly situated plaintiffs exist outside Harris County, Texas.    Although the standard to satisfy the first step is lenient, the Court still requires "substantial allegations" that the putative class members are similarly situated to the plaintiffs with regard to job requirements and pay provisions.  *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).   All Plaintiffs have done to satisfy their burden is to submit boilerplate affidavits with conclusory unsupported allegations.  In their motion for conditional certification, Plaintiffs identified other potential plaintiffs in California and Colorado.   The contention that other potential plaintiffs exist in these two states specifically appears arbitrary to the Court, as Defendants operate stores in at least six other states.  Doc. 29 ¶ 8 n.1 (referring Court to Defendants' website).  Even if the Court were inclined to find that similarly situated employees exist in those states or beyond, Plaintiffs have not offered any facts to support that

---

[6] Some courts have rejected this third non-statutory element. *See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc.,* No. H–08–1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec.11, 2008).

conclusion.  They have not submitted a single affidavit from even one gold buyer employed outside Harris County.  Further, the affidavits that have been submitted make no reference to how gold buyers in other states are similarly situated in terms of job requirements or pay provisions.  While the merits of the gold buyers' classification as nonexempt employees are not pertinent to the certification analysis, Plaintiffs must show that gold buyers outside Harris County have similar job requirements to show that they are similarly situated.  Apart from a general statement that Defendants employ gold buyers throughout the United States, Plaintiffs offer no evidence that gold buyers in other states have similar job duties.  Additionally, the affidavits contain nothing to show how the affiants came to have personal knowledge of Defendants' pay practices or how they came to hold a professedly "firm belief" that such pay practices are employed "for all employees working as gold buyers."

"[U]nsupported assertions of wide-spread FLSA violations, such as the ones made here, [will] not satisfy the movant's 216(b) burden."  *H&R Block, Ltd.*, 186 F.R.D. at 400 (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983)); *see also Blake v. Hewlett-Packard Co.*, No. 4:11-cv-592, 2013 WL 3753965, at *12 (S.D. Tex. July 11, 2013) (finding two declarations from a single office of defendant "too meager to support conditional certification on a nationwide scale").  The affidavit evidence offered by Plaintiffs from David Castellano and Francisco Garza shows only that there are gold buyers similarly situated to Plaintiffs within Harris County.  Plaintiffs have not offered the Court a reasonable basis to credit their assertion that similarly situated individuals exist beyond Harris County.  *See Griffith v. Wells Fargo Bank, N.A.*, No. 4:11-cv-1440, 2012 WL 3985093, at *5 (S.D. Tex. Sept. 12, 2012) (holding that although Plaintiff felt pressure to perform uncompensated overtime work, there was no indication of similarly situated plaintiffs nationwide); *Wilson v. Navika Capital Group, L.L.C.*,

No. H-10-1569, 2011 WL 302076, at *3 (S.D. Tex. July 22, 2011) (finding plaintiffs' allegations regarding their employment at two of defendants' hotels did not support a conclusion that similarly situated employees existed at other hotels owned or operated by defendants); *England*, 370 F. Supp. 2d at 511 (denying certification where the plaintiffs failed to show evidence of a nationwide illegal policy).  Plaintiffs' affidavits are insufficient to suggest that potential plaintiffs outside Harris County may be victims of a widespread policy or practice.  Accordingly, the Court concludes that the prospective class may include only "regional gold buyers" employed in Harris County, Texas.

## IV.    Notice

Having concluded that a notice of collective action is appropriate in this case only for gold buyer employees in Harris County, Texas, the Court now considers whether Plaintiffs' proposed notice and discovery is proper.  Plaintiffs request this Court to approve the proposed notice and consent forms and order Defendants to produce the names and all known addresses, phone numbers, dates of birth, and email addresses for all class members within ten days of entry of the Court's order.  Doc. 29 ¶¶ 11, 33; Pl. Proposed Notice, Doc. 29-6, Ex. F.  Plaintiffs propose that the notice and consent forms be mailed by first class mail and electronic mail to all potential opt-ins for the entire three-year period before this lawsuit was filed.  Doc. 29 ¶ 31.

Defendants object to Plaintiffs' proposed notice on the following bases: (1) the notice does not include a copy of the opt-in form; (2) the notice improperly instructs recipients to mail the opt-in form back to Plaintiffs' counsel; (3) the notice does not include Defendants' position with regard to the claims[7] and sets forth Plaintiffs' contentions in an enlarged and bolded font;

---

[7] Defendants offer that the following description of their contentions be included in the notice: "The Defendants vigorously dispute the Plaintiffs' contentions and assert, among other things, that any gold buyers alleged to have

and (4) the notice "downplays the burdens opt-ins may face" if they decide to participate in the collective action.   Doc. 31 at 12-13.   Defendants object to Plaintiffs' method of notice and proposed discovery on the following bases: (1) the proposed time period (three years from when the lawsuit was filed) is wrong as a matter of law because limitations are not tolled with respect to potential plaintiffs unless and until they opt in; (2) email notification should not be permitted as it may create risks of distortion or misleading notification and no justification has been provided; (3) the personal information requested (such as all known email addresses and phone numbers, dates of birth, and dates and locations of employment) exceeds that which is appropriate or necessary to effectuate notice.   Defendants further argue that ten days is an unreasonably short amount of time in which to produce the requested information, and they are entitled to thirty days.

Courts have discretion in deciding how notice is distributed. *See Mooney,* 54 F.3d at 1214; *Hoffman-La Roche, Inc.*, 493 U.S. at 169 ("[C]ourts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."); *Ali v. Sugarland Petroleum*, 2009 WL 5173508, at *3 ("[T]he court may exercise its discretion in defining the class of plaintiffs who will receive notice and how they will be notified.").   The Court sustains Defendants' objections with regard to the notice and instructs the parties to submit a jointly prepared proposed notice and opt-in form within 14 days of the issuance of this order. "[T]he notice must inform potential class that they may contact any attorney of their choosing to discuss the case." *Tolentino v. C & J Spec-Rent Srvcs. Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex.

been employed by any of the Defendants were at all relevant times exempt, commission-based salespeople working for retail/service establishments, and whose pay over a representative period of time exceeded 150% of the required minimum wage.  Additionally, the Defendants believe that this lawsuit was filed by the named Plaintiffs in retaliation for a state court suit initiated against them for stealing gold from Graymeiren and/or Gold & Silver Buyers, Inc., and/or violating covenants against competition that they executed.  Defendants also anticipate asserting counterclaims against, or seeking offset from, any person who breached fiduciary duties owed during their employment with any or all of the Defendants."   Doc. 31 at 13.

2010) (citing *Yaklin v. W-H Energy Servs., Inc.*, No. C-07-422, 2008 WL 1989795, at *4 (S.D. Tex. Oct. 5, 2006)).  Additionally, "class members who wish to opt-in must return their opt-in forms to the Court, not to counsel for Plaintiff."  *Id.*  The jointly prepared proposed notice may include a brief explanation of both Plaintiffs' contentions and Defendants' bases for disputing liability, but any language that may be viewed as threatening or retaliatory will be excised.  Finally, as the Court discusses below, the statute of limitations is not tolled for potential plaintiffs during the pendency of a motion for certification.  Therefore, the class period shall commence three years from the Court's approval of the notice, not three years from the date of the complaint, as suggested by Plaintiffs.

The Court orders Defendants to produce the names, last known addresses, last known phone numbers, and last known email addresses[8] for all potential class members within 14 days of entry of this Order.  The Court does not find that discovery of all known addresses, phone numbers, email addresses, dates of birth, and dates and locations of employment for all potential class members is warranted at this time.  Upon sufficient showing of the necessity of this information, the Court may modify this Order to include additional personal information of the potential class members.

## V.     Plaintiffs' Motion for Equitable Tolling

Plaintiffs request that the Court equitably toll the statute of limitations in order to avoid prejudice to the rights of potential class members during the pendency of their motion for

---

[8] In support of the assertion that Defendants maintain email addresses for the members of the certified class, Plaintiffs include an exhibit (Doc. 29-7) depicting an email sent to addresses with an "@gsbuyers.com" domain. Defendants object to Plaintiffs' exhibit and move to strike it for lack of authentication.  Defendants' motion to strike is denied.  Courts do not require conclusive proof of authenticity before allowing the admission of disputed evidence, and the presence of a date and time sent on Ex. G supports a finding that the evidence is what the proponents claim it to be.  *United States v. Jimenez Lopez*, 873 F.3d 769, 772 (5th Cir. 1989) (citing *United States v. Lance*, 853 F.2d 1177, 1181 (5th Cir. 1988)).

conditional certification.  Doc. 32 ¶ 8.  An FLSA cause of action "may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 225(a).  In a collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files his complaint, while it begins to run for an opt-in plaintiff from the opt-in date.  *Sandoz,* 553 F.3d at 916–17 (citing *Atkins v. Gen. Motors Corp.,* 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).  Courts strictly construe the FLSA's limitations provision and allow for tolling only in extraordinary circumstances.  *See e.g., McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) ("Congress did not provide for tolling while a court considers whether to certify a case as a collective action under the FLSA.  Rather, Congress 'expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint.'") (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)).  "The limitations period is not tolled with respect to potential plaintiffs unless and until they opt in to the case."  *Quintanilla v. A & R Demolition, Inc.*, No. Civ.A.H-04-1965, 2005 WL 2095104 (S.D. Tex. Aug. 30, 2005).  The record before the Court reflects no facts of extraordinary circumstances that justify tolling the statute of limitations in this case.  Therefore, Plaintiffs' motion for equitable tolling of the statute of limitations is denied.

## VI.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' 12(b)(6) Motion to Dismiss (Doc. 20) is **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion for Conditional Certification (Doc. 29) is **GRANTED IN PART**, and the following class is conditionally certified:

> "All of Defendants' current and former employees in Harris County, Texas with the title of "regional gold buyer" whose jobs were to purchase gold and other precious metals from walk-in sellers and were paid pursuant to the pay method of fifty dollars ($50.00) base pay per day plus bonuses, if any, during the three years prior to the date that notice is approved by this Court."

It is further

**ORDERED** that counsel for Plaintiffs and Defendants submit a jointly prepared proposed Notice to Potential Class Members revised in accordance with this Order within 14 days of entry of this Order.  It is further

**ORDERED** that Defendants produce to Plaintiffs in a usable electronic format no later than 14 days from the entry of this Order, the names, last known addresses, last known phone numbers, and last known email addresses for all potential class members.  It is further

**ORDERED** that Plaintiffs' Motion for Equitable Tolling of the Statute of Limitations (Doc. 32) is **DENIED**.

SIGNED at Houston, Texas, this 24th day of September, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE